GARY M. RESTAINO
United States Attorney
District of Arizona
RAQUEL ARELLANO
Assistant U.S. Attorney
AZ State Bar No. 011796
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: raquel.arellano@usdoj.gov
Attorneys for Plaintiff

☒ FILED   ☐ LODGED

**Mar 14 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 21-02908-TUC-JGZ (BGM) |
| Plaintiff, | |
| vs. | Plea Agreement |
| Jesus Angel Vasquez Balganon, | |
| Defendant. | |

The United States of America and the defendant, JESUS ANGEL VASQUEZ BALGANON, agree to the following disposition of this matter:

<u>PLEA</u>

The defendant agrees to plead guilty to Counts 1, 2, and 4 of the Indictment, charging the defendant with a violation of Title 18, United States Code, § 554(a), Smuggling Goods from the United States, a felony offense, in Counts 1 and 2 and Title 18, United States Code, § 1956(a)(2)(A), International Money Laundering, a felony offense, in Count 4.  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss all remaining counts, at the time of sentencing.  The defendant also agrees not to contest the Forfeiture Allegation in the Indictment.

/ / /

## ELEMENTS OF THE CRIMES

### Smuggling Good from the United States

The essential elements of Smuggling Goods from the United States are that:

(A)    The defendant knowingly attempted to export from the United States any merchandise, article, or object;

(B)    The exportation of the merchandise, article, or object was contrary to any law or regulation of the United States; and

(C)    The defendant knew the exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

### International Money Laundering

The essential elements of International Money Laundering are that:

(A)    The defendant knowingly and willfully transmitted or transferred a money instrument or funds to a place outside of the United States, that is, the Republic of Mexico, from a place in the United States; and

(B)    The defendant did so with the intent to promote the carrying on of a specified unlawful activity, that is, smuggling of goods from the United States in violation of export controls involving items controlled on the United States Munitions List and Commerce Control List.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

### Maximum Penalties

The defendant understands and agrees that the maximum penalty for the offense of Smuggling Goods from the United States to which he is pleading guilty is a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years' supervised release. The defendant understands and agrees that the maximum penalty for the offense of International Money Laundering to which he is

pleading guilty is a fine of $250,000, a maximum term of twenty (20) years imprisonment, or both, and a maximum term of three (3) years' supervised release. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count (a total of $300.00).

Immigration consequences

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

Agreement Regarding Sentencing:

a.       Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the below guideline calculations are appropriate for the charge for which the defendant is pleading guilty, if the defendant is entitled to Acceptance of Responsibility:

/ / /

/ / /

/ / /

3

Smuggling Goods from the United States (Counts 1 and 2):

| | |
|---|---|
| Base Offense Level (§2M5.2(a)(1)) | 26 |
| Acceptance (§ 3E1.1(a) and (b)) | -0 |
| Enhancement (§2K2.1(b)(6)(A)) | +4 |
| Obstruction of Justice (§3C1.1)) | +2 |
| Total Adjusted Offense Level | 32 |

b.    Sentencing Range: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC):

121 - 151 months imprisonment if the defendant is in CH category I;

135 - 168 months imprisonment if the defendant is in CH category II;

151 - 188 months imprisonment if the defendant is in CH category III;

168 - 210 months imprisonment if the defendant is in CH category IV;

188 - 235 months imprisonment if the defendant is in CH category V;

210 - 262 months imprisonment if the defendant is in CH category VI.

International Money Laundering (Count 4):

| | |
|---|---|
| Base Offense Level (§2S1.1(a)(1)) | 26 |
| Enhancement under (§2S1.1(b)(2)(B)) | +2 |
| Acceptance (§ 3E1.1(a) and (b)) | -0 |
| Obstruction of Justice (§3C1.1)) | +2 |
| Total Adjusted Offense Level | 30 |

c.    Sentencing Range: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC):

97 - 121 months imprisonment if the defendant is in CH category I;

108 - 135 months imprisonment if the defendant is in CH category II;

121 - 151 months imprisonment if the defendant is in CH category III;

135 - 168 months imprisonment if the defendant is in CH category IV;

151 - 188 months imprisonment if the defendant is in CH category V;

168 - 210 months imprisonment if the defendant is in CH category VI.

**The parties stipulate that the defendant's sentence shall not exceed the low end of the applicable guideline range as calculated under U.S.S.G. § 1B1.1(a). The parties further agree that the sentences in the counts will run concurrently.** The defendant may withdraw from the plea agreement if he receives a sentence that exceeds the low end of the applicable guideline range as calculated under U.S.S.G. § 1B1.1(a).

If the defendant moves for any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement. If the defendant argues for a variance under 18 U.S.C. 3553(a) in support of a sentence, the government may oppose the requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance.

d.     <u>Assets and Financial Responsibility</u>.   The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.  The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).  The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under

this agreement and the law.

e.   Acceptance of Responsibility.   If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

The defendant understands and agrees that this plea agreement contains all the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

/ / /

/ / /

6

The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

<u>Disclosure of Information to U.S. Probation:</u>

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

AGREEMENT AS TO FORFEITURE

a.     Defendant admits that he purchased and exported:

**Firearms**

- Century Arms C39V2 7.62x39mm caliber rifle
- Layke Tactical 5.56mm rifle
- Colt M4 .223 mm rifle
- Smith & Wesson MP-15 5.56 mm rifle
- Beretta 92 FS 9mm FBI pistol
- Beretta 92 FS 9mm FBI pistol
- Colt M4 Carbine .223 mm rifle
- Arsenal SAM7R 7.62x39mm rifle

7

- FN SCAR 17 7.62x51mm rifle
- Patriot Ordnance P308 .308 mm rifle
- Palmetto State Armory 7.62x39mm rifle
- Palmetto State Armory 5.56mm rifle
- Glock 26 FS Gen 5 9mm pistol
- Palmetto State Armory 5.56mm rifle
- NIB Colt .223mm rifle
- FN 15 TAC II Carbine 5.56x45mm rifle
- Romanian 7.62x39 mm rifle
- Heckler & Koch PTR 91 .308 mm firearm
- Century Arms C39V2 7.62x39mm pistol
- IO Inc 7.62x39mm rifle
- Anderson 5.56mm pistol
- Diamondback 5.56/.223mm pistol
- M&M Inc M10 7.62x39mm pistol
- Palmetto State Armory 5.56/.223mm rifle
- DPMS 5.56/.223mm firearm
- Ruger 5.56/.223mm pistol
- B5 Wolf Gray 5.56mm rifle
- Century Arms WASR 10 7.62x39mm rifle
- Aero .223/5.56mm pistol
- Hellpup 7.62x39mm rifle
- Romanian 7.62x39mm rifle
- Smith & Wesson M&P II 5.56mm rifle
- Glock 19 9mm pistol
- Glock 17 Gen 5 9mm pistol
- Bushmaster 5.56mm pistol

8

- Spikes 5.56mm rifle
- Palmetto State Armory PA-15 5.56/.223mm rifle
- Aero NATO 5.56mm rifle
- Century Arms C39V2 7.62x39mm pistol
- Aero NATO 5.56mm firearm
- Century Arms 7.62x39mm rifle
- Century Arms WASR 7.62x39mm rifle
- MLOK 5.56/.223mm pistol
- Aero 5.56mm rifle
- Smith & Wesson Sport 2 MP-15 5.56 mm rifle
- Ruger/Palmetto State Armory 5.56/.223mm firearm
- Smith & Wesson M&P 5.56mm rifle
- Aero 5.56/.223mm rifle
- Yugo 7.62x39mm rifle
- DS Arms FAL 7.62x51mm pistol
- Century Arms RAS-47 7.62x39mm rifle
- Palmetto State Armory GF3 7.62x39mm firearm
- Smith & Wesson M&P 5.56mm rifle
- Zastava M92 7.62x39mm pistol
- Patriot Ordnance Gen 3 .308mm firearm
- Palmetto State Armory AK-103 7.62x39mm firearm
- Palmetto State Armory GF3 MAGPUL 7.62x39mm rifle
- H&K SP5K MP5 9mm machinegun
- Century Arms WASR 10 7.62x39mm rifle
- Century Arms RAS-47 7.62x39mm rifle
- Ruger 5.56mm rifle
- Smith & Wesson M&P15 5.56mm rifle

9

- Aero Precision 5.56/.223mm rifle
- Palmetto State Armory Freedom 5.56/.223mm rifle
- Smith & Wesson M&P NATO 5.56mm firearm
- Arsenal SLR-107R 7.62x39mm rifle
- Mk18 Mod 0 5.56mm rifle
- Aero/Rosco 5.56./223mm rifle
- Anderson 5.56/.223mm rifle
- Delton 5.56mm rifle

**Weapons Components, Ammunition, and Accessories**

- 1,000 .308/7.62x51mm M60 machinegun M13 ammunition links M60
- 3 M249 200-round ammunition pouches
- 99 30-round 7.62x39mm ammunition magazines
- 99 Magpul PMAG Gen M3 Window 5.56mm ammunition magazines
- 10,000 M249 SAW Shrike 5.56/.223mm M27 ammunition links
- M249 200-round ammunition pouch
- Iver Johnson 100-round drum ammunition magazine
- AR15-type firearm quick detach carrying handle
- 2 Fightlite MCR-5.56 DFR dual feed firearm upper receivers
- 5,000 M60 .308 machinegun ammunition links
- 5,000 .223/5.56x45mm M249 SAW M27 ammunition links
- At least 4,020 rounds of various caliber ammunition
- 9 30-round 5.56mm caliber ammunition magazine

in violation of Counts One and Two of the Indictment, which have a total value of $76,549.

b. The defendant further admits that the firearms, weapon components, ammunition, and accessories represent property involved in the commission of the offense, and are therefore forfeitable pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

10

c.     The defendant admits that the firearms, weapon components, ammunition, and accessories have been transferred, sold to, or deposited with a third party, or placed beyond the jurisdiction of the court and are no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1).

d.     The defendant knowingly and voluntarily agrees to the entry of a substitute assets judgment and agrees to pay and forfeit the amount of $76,549 in United States currency, as a substitute asset in lieu of, and in satisfaction of, the forfeiture of firearms, weapon components, ammunition, and accessories, as authorized by Title 21, United States Code, Section 853(p)(2), as incorporated by Title 28, United States Code, Section 2461(c).

e.     The defendant admits he knowingly and willfully transferred monetary funds from a bank account in the United States into a bank in the Republic of Mexico with the knowledge and intent that these funds were to be obtained in cash in the Republic of Mexico and used to engage in monetary transactions affecting interstate and foreign commerce, to wit:

**Firearms**

- Century Arms C39V2 7.62x39mm caliber rifle
- Layke Tactical 5.56mm rifle
- Colt M4 .223 mm rifle
- Smith & Wesson MP-15 5.56 mm rifle
- Beretta 92 FS 9mm FBI pistol
- Beretta 92 FS 9mm FBI pistol
- Colt M4 Carbine .223 mm rifle
- Arsenal SAM7R 7.62x39mm rifle
- FN SCAR 17 7.62x51mm rifle
- Patriot Ordnance P308 .308 mm rifle
- Palmetto State Armory 7.62x39mm rifle
- Palmetto State Armory 5.56mm rifle

11

- Glock 26 FS Gen 5 9mm pistol
- Palmetto State Armory 5.56mm rifle
- NIB Colt .223mm rifle
- FN 15 TAC II Carbine 5.56x45mm rifle
- Romanian 7.62x39 mm rifle
- Heckler & Koch PTR 91 .308 mm firearm
- Century Arms C39V2 7.62x39mm pistol
- IO Inc 7.62x39mm rifle
- Anderson 5.56mm pistol
- Diamondback 5.56/.223mm pistol
- M&M Inc M10 7.62x39mm pistol
- Palmetto State Armory 5.56/.223mm rifle
- DPMS 5.56/.223mm firearm
- Ruger 5.56/.223mm pistol
- B5 Wolf Gray 5.56mm rifle
- Century Arms WASR 10 7.62x39mm rifle
- Aero .223/5.56mm pistol
- Hellpup 7.62x39mm rifle
- Romanian 7.62x39mm rifle
- Smith & Wesson M&P II 5.56mm rifle
- Glock 19 9mm pistol
- Glock 17 Gen 5 9mm pistol
- Bushmaster 5.56mm pistol
- Spikes 5.56mm rifle
- Palmetto State Armory PA-15 5.56/.223mm rifle
- Aero NATO 5.56mm rifle
- Century Arms C39V2 7.62x39mm pistol

- Century Arms WASR 7.62x39mm rifle
- MLOK 5.56/.223mm pistol
- Aero 5.56mm rifle
- Smith & Wesson Sport 2 MP-15 5.56 mm rifle
- Ruger/Palmetto State Armory 5.56/.223mm firearm
- Smith & Wesson M&P 5.56mm rifle
- Aero 5.56/.223mm rifle
- Yugo 7.62x39mm rifle
- DS Arms FAL 7.62x51mm pistol
- Century Arms RAS-47 7.62x39mm rifle
- Palmetto State Armory GF3 7.62x39mm firearm
- Smith & Wesson M&P 5.56mm rifle
- Zastava M92 7.62x39mm pistol
- Patriot Ordnance Gen 3 .308mm firearm
- Palmetto State Armory AK-103 7.62x39mm firearm
- Palmetto State Armory GF3 MAGPUL 7.62x39mm rifle
- H&K SP5K MP5 9mm machinegun
- Century Arms WASR 10 7.62x39mm rifle
- Century Arms RAS-47 7.62x39mm rifle
- Ruger 5.56mm rifle
- Smith & Wesson M&P15 5.56mm rifle
- Aero Precision 5.56/.223mm rifle
- Palmetto State Armory Freedom 5.56/.223mm rifle
- Smith & Wesson M&P NATO 5.56mm firearm
- Arsenal SLR-107R 7.62x39mm rifle
- Mk18 Mod 0 5.56mm rifle
- Aero/Rosco 5.56./223mm rifle

13

- Anderson 5.56/.223mm rifle
- Delton 5.56mm rifle

**Weapons Components, Ammunition, and Accessories**

- 1,000 .308/7.62x51mm M60 machinegun M13 ammunition links M60
- 3 M249 200-round ammunition pouches
- 99 30-round 7.62x39mm ammunition magazines
- 99 Magpul PMAG Gen M3 Window 5.56mm ammunition magazines
- 10,000 M249 SAW Shrike 5.56/.223mm M27 ammunition links
- M249 200-round ammunition pouch
- Iver Johnson 100-round drum ammunition magazine
- AR15-type firearm quick detach carrying handle
- 2 Fightlite MCR-5.56 DFR dual feed firearm upper receivers
- 5,000 M60 .308 machinegun ammunition links
- 5,000 .223/5.56x45mm M249 SAW M27 ammunition links
- At least 4,020 rounds of various caliber ammunition
- 9 30-round 5.56mm caliber ammunition magazine

with the intent to promote the carrying on of a specified unlawful activity, to wit: smuggling goods from the United States agrees to forfeit and pay the amount of $20,680 in United States currency, which represents the amount of proceeds obtained as a result of the offense listed in Count Four of the Indictment.

f.      The defendant agrees to pay in full $76,549 in United States currency, and the $20,680 in United States currency via cashier's checks in consecutive monthly installments, made payable to the United States Marshals Service, Sandra O'Connor Courthouse, Suite 270, Attention: AFD, 401 W. Washington St., SPC-64, Phoenix, Arizona 85003-2159.

g.      In the event that the defendant does not remit the cashier's checks totaling the amount of $97,229 in United States currency to the government, the defendant knowingly

14

and voluntarily agrees, that pursuant to Tile 21, United States Code, Section 853(p), the United States will seek forfeiture of any other property of said defendant, up to the value of the firearms, weapon components, ammunition, accessories, and smuggled goods ($97,229 in United States currency), including but not limited to all property, both real and personal, owned by the defendant.

h.   The defendant acknowledges that failure to pay on or satisfy the $97,229 in United States currency money judgment could allow for referral of the debt to the United States Department of Treasury for the purpose of collecting debts through the Treasury Offset Program.  Under this program, the Department of Treasury will reduce or withhold any eligible Federal payments by the amount of the debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code.

i.   The defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the firearms, weapon components, ammunition, and accessories, or any assets that are related to satisfying the $97,229 in United States currency money judgment, or any other assets, or seized property that are related to satisfying the forfeiture, covered by this agreement. The defendant waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

j.   The defendant knowingly and voluntarily agrees to waive all interest in the firearms, weapon components, ammunition, and accessories or other property that may be seized, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

k.   The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to

15

advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

l.   The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

m.   The defendant knowingly and voluntarily agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with any seizure or forfeiture of the assets, or forfeiture of any other property that is related to satisfying the $97,229 in United States currency, covered by this agreement.

n.   The defendant knowingly and voluntarily agrees and understands that the forfeiture of the assets carried out in accordance with this plea agreement including any payment made by the defendant to satisfy the $97,229 in United States currency money judgment, shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

o.   The defendant agrees that the forfeiture provisions of this agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding on defendant's heirs, successors, and assigns until the agreed forfeiture is collected in full.

///

///

16

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Waiver of Defenses and Appeal Rights:

Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations, including the district court's determination of the criminal history category.  The sentence is in accordance with this agreement if the sentence imposed does not exceed the low end of the sentencing guidelines range as calculated under U.S.S.G. § 1B1.1(a), in this case, 92 months. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of

such a motion).  The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents, and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment, or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### *Factu*al Basis

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial,

19

the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

Between March of 2018 and January of 2021, and on April 6, 2021, JESUS ANGEL VASQUEZ BALGANON attempted to exit the United States and enter the Republic of Mexico through a port of entry in Nogales, Arizona. Between March of 2018 and January of 2021, VASQUEZ BALGANON attempted to export and exported the following firearms, some of which were recovered in Mexico:

Firearms

- Century Arms C39V2 7.62x39mm caliber rifle
- Layke Tactical 5.56mm rifle
- Colt M4 .223mm rifle
- Smith & Wesson MP-15 5.56mm rifle
- Beretta 92 FS 9mm FBI pistol
- Beretta 92 FS 9mm FBI pistol
- Colt M4 Carbine .223mm rifle
- Arsenal SAM7R 7.62x39mm rifle
- FN SCAR 17 7.62x51mm rifle
- Patriot Ordnance P308 .308mm rifle
- Palmetto State Armory 7.62x39mm rifle
- Palmetto State Armory 5.56mm rifle
- Glock 26 FS Gen 5 9mm pistol
- Palmetto State Armory 5.56mm rifle
- NIB Colt .223mm rifle
- FN 15 TAC II Carbine 5.56x45mm rifle
- Romanian 7.62x39mm rifle
- Hecker & Koch PTR 91 .308mm rifle
- Century Arms C39V2 7.62x39mm pistol
- IO Inc 7.62x39mm rifle
- Anderson 5.56mm pistol
- Diamondback 5.56/.223mm pistol
- M&M Inc M10 7.62x39mm pistol
- Palmetto State Armory 5.56/.223mm rifle
- DPMS 5.56/.223mm firearm
- Ruger 5.56/.223mm pistol
- B5 Wolf Gray 5.56mm rifle
- Century Arms WASR 10 7.62x39mm rifle
- Aero .223/5.56mm pistol
- Hellpup .62x39mm rifle
- Romanian 7.62x39mm rifle
- Smith & Wesson M&P II 5.56mm rifle
- Glock 19 9mm pistol
- Glock 17 Gen 5 9mm pistol
- Bushmaster 5.56mm pistol
- Spikes 5.56mm rifle
- Palmetto State Armory PA-15 5.56/.223mm rifle
- Aero NATO 5.56mm rifle
- Century Arms C39V2 7.62x39mm pistol

Firearms

- Century Arms C39V2 7.62x39mm caliber rifle
- Layke Tactical 5.56mm rifle
- Colt M4 .223 mm rifle
- Smith & Wesson MP-15 5.56 mm rifle
- Beretta 92 FS 9mm FBI pistol
- Beretta 92 FS 9mm FBI pistol
- Colt M4 Carbine .223 mm rifle
- Arsenal SAM7R 7.62x39mm rifle
- FN SCAR 17 7.62x51mm rifle
- Patriot Ordnance P308 .308 mm rifle
- Palmetto State Armory 7.62x39mm rifle
- Palmetto State Armory 5.56mm rifle
- Glock 26 FS Gen 5 9mm pistol
- Palmetto State Armory 5.56mm rifle
- NIB Colt .223mm rifle
- FN 15 TAC II Carbine 5.56x45mm rifle
- Romanian 7.62x39 mm rifle
- Heckler & Koch PTR 91 .308 mm firearm
- Century Arms C39V2 7.62x39mm pistol
- IO Inc 7.62x39mm rifle
- Anderson 5.56mm pistol
- Diamondback 5.56/.223mm pistol
- M&M Inc M10 7.62x39mm pistol
- Palmetto State Armory 5.56/.223mm rifle
- DPMS 5.56/.223mm firearm
- Ruger 5.56/.223mm pistol
- B5 Wolf Gray 5.56mm rifle
- Century Arms WASR 10 7.62x39mm rifle
- Aero .223/5.56mm pistol
- Hellpup 7.62x39mm pistol
- Romanian 7.62x39mm rifle
- Smith & Wesson M&P II 5.56mm rifle
- Glock 19 9mm pistol
- Glock 17 Gen 5 9mm pistol
- Bushmaster 5.56mm pistol
- Spikes 5.56mm rifle
- Palmetto State Armory PA-15 5.56/.223mm rifle
- Aero NATO 5.56mm rifle
- Century Arms C39V2 7.62x39mm pistol
- Aero NATO 5.56mm firearm
- Century Arms 7.62x39mm rifle
- Century Arms WASR 7.62x39mm rifle
- MLOK 5.56/.223mm pistol
- Aero 5.56mm rifle
- Smith & Wesson Sport 2 MP-15 5.56 mm rifle
- Ruger/Palmetto State Armory 5.56/.223mm firearm
- Smith & Wesson M&P 5.56mm rifle
- Aero 5.56/.223mm rifle

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21

On April 6, 2021, VASQUEZ BALGANON attempted to export high-capacity magazines which were concealed in a vehicle he was driving at a port of entry in Nogales, Arizona. When VASQUEZ BALGANON exited the vehicle, officers observed a shopping bag on the driver's seat where he had been sitting. Inside the bag, officers found nine (9) 30-round AR-15 5.56 caliber high-capacity magazines. After being advised of and waiving his *Miranda* rights, VASQUEZ BALGANON stated he knew there were magazines in the vehicle and knew he was not supposed to take them into Mexico. VASQUEZ BALGANON stated he picked up the magazines earlier in the day in Nogales, Arizona, and expected to be paid $100 to transport the magazines from the United States into Mexico. The nine (9) 30-round AR-15 5.56 caliber high-capacity magazines are designated on the United States Commerce Control List as prohibited by law for export from the United States into Mexico without a valid license. Neither VASQUEZ BALGANON nor any other individual involved in the attempted export of these magazines had a license or any other lawful authority to export the magazines from the United States into Mexico.

From on or about February of 2019 to on or about March of 2021, within the District of Arizona, and elsewhere, VASQUEZ BALGANON did knowingly and willfully transmit and transfer $20,680 from a bank in the United States to a bank in the Republic of Mexico with the knowledge and intent that these funds were to be obtained in cash in Mexico and used to engage in monetary transactions affecting interstate and foreign commerce, that is, the smuggling of firearms and weapons components, ammunition, and accessories that were illegally exported from the United States into Mexico. VASQUEZ BALGANON knew that the funds were intended to promote the carrying on of a specified unlawful activity, that is, smuggling goods from the United States in violation of export controls involving items controlled on the United States Munitions List and Commerce Control List.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

2/6/2024
_____
Date

2/6/2024
_____
JESUS ANGEL VASQUEZ BALGANON
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver

22

of her right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.


2/12/24
Date

BRICK P. STORTS, III., ESQ.
Attorney for the defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

RAQUEL ARELLANO
Digitally signed by RAQUEL ARELLANO
Date: 2024.01.24 18:06:33 -07'00'

1/24/2024
Date

RAQUEL ARELLANO
Assistant U.S. Attorney

23